IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RANELLE D. PERRY,<br><br>                Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | **CASE NO. 8:13CR330**<br><br>**ORDER** |

This matter is before the court for initial review of Filing No. 55, a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by the Defendant, Ranelle D. Perry ("Perry"), and the Supplemental Motion to Vacate and Correct Sentence Under 28 U.S.C. § 2255 (Filing No. 66) (both motions referred to herein as "§ 2255 Motions") submitted on Defendant's behalf by counsel, the Federal Public Defender, appointed pursuant to this Court's General Order No. 2015-03 (Filing No. 58).

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of a defendant's § 2255 motion. Rule 4(b) states:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

After Perry pled guilty to the offense of Possession of a Firearm in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1), he received a sentence of 360 months, to be followed by five years of supervised release. (Judgment, Filing No.

44). Perry did not appeal his conviction or sentence. On May 28, 2015, Perry filed a Motion to Reduce Sentence (Filing No. 51), seeking relief under Amendment 782 to the United States Sentencing Guidelines. That Motion was denied on February 26, 2016, because Perry's sentence was imposed pursuant to a Plea Agreement (Filing No. 39), providing for a specified sentence pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, and was not based on the Guidelines. (Order at Filing No. 64.)

In the pending § 2255 Motions, Perry asserts that his sentence should be vacated pursuant to the Supreme Court's decision in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court determined that the residual clause of the Armed Career Criminal Act (the "Act") was unconstitutionally vague, and therefore void. In *Welch v. United States*, 578 U.S. ___, ___ S. Ct. ___, 2016 WL 1551144 (April 18, 2016), the Supreme Court held that the rule announced in Johnson was a new substantive rule with retroactive effect in cases on collateral review.[1]

---

[1] The Supreme Court stated in *Welch*:

> Because the ordinary maximum sentence for a felon in possession of a firearm is 10 years, while the minimum sentence under the Armed Career Criminal Act is 15 years, a person sentenced under the Act will receive a prison term at least five years longer than the law otherwise would allow.
>
> The Act defines "violent felony" as
>
> > "any crime punishable by imprisonment for a term exceeding one year . . . that—
> > "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> > "(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." §924(e)(2)(B).

A review of the Defendant's Presentence Investigation Report ("PSR") ("Filing No. 46) reveals that Perry was determined to be a career offender under § 4B1.1 of the Guidelines, due to two convictions of "crimes of violence," *i.e.*, robbery and "operating a vehicle to avoid arrest willful reckless driving." Filing No. 46 at ¶¶ 41, 42, 48, 49. Accordingly, his criminal history category was determined to be VI rather than III, and his range of imprisonment under the Guidelines was determined to be 262-327 months. (See Sentencing Recommendation, Filing No. 47.)

Perry argues that his conviction for "operating a vehicle to avoid arrest willful reckless driving" was determined to be a crime of violence under the residual clause of § 4B1.2 of the Guidelines, which contains the same wording as the residual clause in the Armed Career Criminal Act found unconstitutional in *Johnson*. Accordingly, he argues that his sentence should be vacated and he should be resentenced.

Assuming, without deciding, that the Supreme Court's holding in *Johnson* applies to § 4B1.2 of the Guidelines; and that such application gives rise a new substantive rule with retroactive effect in cases on collateral review; and that Perry's crime of "operating a vehicle to avoid arrest willful reckless driving" was an offense within the scope of the residual clause of § 4B1.2 and improperly used to classify him as a career offender under § 4B1.1 of the Guidelines; and that his range of imprisonment under the Guidelines would have been substantially reduced but for the improper application of

---

Subsection (i) of this definition is known as the elements clause. The end of subsection (ii)—"or otherwise involves conduct that presents a serious potential risk of physical injury to another"—is known as the residual clause.

2016 WL 1551144 *2-3.

that residual clause; Perry's § 2255 Motions for relief pursuant to *Johnson* are nonetheless without merit.

Perry was charged in an eight-count Indictment (Filing No. 1), and, as he acknowledges, had he "gone to trial and been convicted, his guideline range would have been 570 to 622 months." (Supplemental Motion, Filing No. 66, at 2.) Accordingly, he entered into a Plea Agreement (Filing No. 39) through which he agreed to plead guilty to a single count and receive a stipulated sentence of 360 months, in exchange for the dismissal of the remaining seven counts. Whether or not the sentencing guidelines were calculated correctly in the Presentence Investigation Report (Filing No. 46) and Sentencing Recommendation (Filing No. 47) is immaterial, because he was sentenced in accordance with the Rule 11(c)(1)(C) Plea Agreement (Filing No. 39) and *not* pursuant to any guideline calculations. It is also noted that Perry entered into his Plea Agreement on April 10, 2014, and the Presentence Investigation Report with the career offender calculation was submitted to counsel on May 29, 2014, so it cannot be said that Perry relied on the calculations in the Presentence Report when deciding to enter into the Plea Agreement. Finally, in the Plea Agreement, Perry waived the right to contest his sentence under 28 U.S.C. § 2255, except under two limited circumstances, neither of which is applicable to his pending § 2255 Motions. (Filing No. 39, p. 4.)

THEREFORE, IT IS ORDERED:

1. That the Court has completed initial review of the Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in

Federal Custody (Filing No. 55) and Supplemental Motion (Filing No. 66) ("§ 2255 Motions");

    2.    The Court summarily dismisses the Defendant's § 2255 Motions;

    3.    A separate Judgment will be issued denying the § 2255 Motions; and

    4.    The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

Dated this 28th day of April, 2016.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge