IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:13CR330 |
| v. | |
| RANELLE D. PERRY, | ORDER |
| Defendant. | |

This matter is before the Court on defendant Ranelle D. Perry's ("Perry") pro se Motion for Compassionate Release (Filing No. 89). Title 18, section 3582(c)(1)(A)(i) authorizes federal prisoners to move the Court to "reduce [their] term of imprisonment" for "extraordinary and compelling reasons."  But a prisoner can only file such a motion *after* he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of his facility, whichever is earlier." *Id.*; *see also United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020) (denying a defendant's motion under § 3582(c)(1)(A) because he did not give the BOP thirty days to respond to his request for compassionate release).

Perry's motion specifically states that he has not submitted a request to his warden, and the evidence shows he has not taken any steps to exhaust his administrative remedies or otherwise comply with § 3582(c)(1)(A)(i).  Perry's failure to show she has complied with § 3582(c)(1)(A)(i)'s statutory prerequisites to judicial review "presents a glaring roadblock foreclosing compassionate release at this point." *Raia*, 954 F.3d at 597 (finding strict statutory compliance necessary, particularly given the "BOP's statutory role."). Accordingly, Perry's motion for compassionate release is denied without prejudice to refiling when he can show he has met either statutory requirement.

IT IS SO ORDERED.

Dated this 26th day of February 2021.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge