IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:13CR330 |
| v. | |
| RANELLE D. PERRY, | MEMORANDUM AND ORDER |
| Defendant. | |

On April 14, 2014, defendant Ranelle D. Perry ("Perry") pleaded guilty pursuant to a written plea agreement (Filing No. 39) to using or carrying a firearm during and in relation to a drug-trafficking offense, in violation of 18 U.S.C. § 924(c)(1). In exchange for Perry's guilty plea, the government agreed to a sentence of 360 months on that count and to dismiss seven other charges against him. *See* Fed. R. Crim. P. 11(c)(1)(C) (authorizing a plea agreement for a specific sentence that is binding on the Court upon acceptance).

In accordance with the parties' plea agreement, the Court sentenced Perry to 360 months in prison to be followed by 5 years of supervised release. The Court also independently concluded Perry's sentence was "sufficient but not greater than necessary" to meet the goals of sentencing under 18 U.S.C. § 3553(a).

Perry is currently serving his sentence at the low-security Federal Correctional Institution in Thomson, Illinois ("FCI Thomson"). Even so, Perry states the current conditions FCI Thomson reflect "all of the security measures of a SuperMax Prison." His projected release date is June 13, 2039.

Before the Court is Perry's third Motion for Compassionate Release (Filing No. 93) pursuant to 18 U.S.C. § 3582(c)(1)(A),[1] which authorizes him to move the Court to "reduce [his] term of imprisonment" for "extraordinary and compelling reasons" thirty days after the warden of the facility where he is incarcerated receives a request to file such a motion on his behalf. He seeks his release or at least a reduction in sentence.

In deciding whether to grant relief under § 3582(c)(1)(A), the Court must ensure any "reduction is consistent with applicable policy statements issued by the Sentencing Commission." *See also* U.S.S.G. § 1B1.13 (giving examples of "extraordinary and compelling reasons"). The Court denied Perry's first two requests (Filing Nos. 87 and 92), finding he had presented "no basis for relief."

Reporting he submitted his latest request to the warden at FCI Thomson on February 26, 2024, but has received no response, Perry appears to qualify for judicial review under §3582(c)(1)(A). Yet after careful review of Perry's motion and § 1B1.13 as amended since his last request, the Court again concludes Perry's circumstances do not warrant sentencing relief at this time.

As in his last motion for compassionate release, Perry contends he "is currently serving a disparate sentence" based on his misunderstanding of an issue of sentence stacking that simply does not apply in his circumstances because he was only sentenced on one count under § 924(c). Beyond that, he emphasizes his young age at the time of his offense, his genuine remorse, the ten years he has served, his documented efforts at rehabilitation over that time, and his inability to earn certain credits. If released, Perry proposes to live with his mother and grandmother in Omaha, Nebraska, and work for Express Employment, from which he states he has "a guaranteed offer of employment."

---

[1]Requests for sentence reductions under § 3582(c)(1)(A)(i) are often informally called "compassionate release." *See United States v. Crandall*, 25 F.4th 582, 583 (8th Cir. 2022).

The Court fully credits that Perry is not the young man that committed his offense of conviction more than ten years ago and commends his efforts at rehabilitation while in prison. The Court also acknowledges that he appears to have a sound strategy for reentering society in a more-productive way when he is released. Still, all things considered, the Court does not yet see "extraordinary and compelling reasons" to reduce Perry's sentence or release him at this time. 18 U.S.C. § 3582(c)(1)(A). For that reason, his Motion for Compassionate Release (Filing No. 93) is denied.

IT IS SO ORDERED.

Dated this 22nd day of April 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge